IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05cr390

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>)<br>MICHAEL CONNERS (11) )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court upon motion of the defendant for a reduction of sentence based on the retroactive amendments to the United States Sentencing Guidelines relating to crack cocaine (Doc. No. 380), the government's response (Doc. No. 392), and the defendant's reply (Doc. No. 395).

The defendant pled guilty to conspiring to possess more than 50 but fewer than 150 kilograms of cocaine with intent to distribute. (Doc. No. 147: Plea Agreement at 1-2). Although the indictment also alleged a quantity of cocaine base involved in the conspiracy, the defendant's offense level reflected only the amount of cocaine reasonably foreseeable to him. (Doc. No. 275: Presentence Report (PSR) at ¶¶ 9, 10, 11, 17). The Court accepted the parties' stipulation on drug quantity, with a corresponding offense level of 36.[1] (Doc. No. 393: Sent. Hr'g Tr. at 5-6). The offense level for cocaine offenses was not affected by the 2007 amendments. USSG Supp. to Appx. C., Amend. 706 (2007). Accordingly, the defendant is not eligible for a sentence reduction.

---

[1] The defendant argues in his reply that because the term "powder" was not used in the original sentencing proceedings, he is eligible for a two-level reduction applicable to crack cocaine cases. (Doc. No. 395: Reply at 2-3). While it is true that "powder" was not used, it is equally true that neither "cocaine base" nor "crack" were used to describe the drug, but simply "cocaine." (See Doc. No. 147: Plea Agreement at 2 and Doc. No. 275: PSR at ¶ 17). If the drug at issue had been cocaine base, the offense level for more than 50 kilograms would have been, and would still be, 38. USSG §2D1.1(c)(1). Thus, the defendant's contention is without merit.

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, the Community Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: January 25, 2011

Robert J. Conrad, Jr.
Chief United States District Judge